**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Case No. 22-21169-CMB |
| | : | |
| **Darin L. King and** | : | Chapter 7 |
| **Sara M. King** | : | |
| **aka Sara M. Garsteck,** | : | |
| | : | |
| **Debtors** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **Lisa M. Swope, Trustee of the Bankruptcy** | : | |
| **Estate of Darin L. King and Sara M. King,** | : | Related to Doc. No. 74 |
| | : | |
| **Movant** | : | **ENTERED BY DEFAULT** |
| | : | |
| v. | : | **Hearing Date & Time** |
| | : | **October 03, 2023 at 1:30 p.m.** |
| **Darin L. King, Sara M. King, Bradley C. Egyed,** | : | |
| **and Massaro Law L.L.C.,** | : | |
| | : | |
| **Respondents** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER OF COURT**

**NOW**, this 3rd day of October, 2023, upon consideration of the *Motion of the Chapter 7 Trustee to Approve Settlement and Compromise of Disputed Claims and for Approval and Payment of Counsel Fees and Costs to Special Counsel*, Responses filed, and hearing held, it

is here by FOUND, ADJUDGED, ORDERED and DECREED as follows:

1. The Debtors, Darin L. King and Sara M. King aka Sara M. Garsteck (individually "Darin" and "Sara", collectively the "Debtors") commenced the instant case by filing a voluntary petition for relief with this Court pursuant to the provisions of Chapter 7 of Title 11 of the U.S. Code, 11 U.S.C. § 101, et seq. on June 17, 2022.

2. The Movant, Lisa M. Swope, Trustee of the Bankruptcy Estate of Darin L. King and Sara M. King (the "Trustee"), is the Chapter 7 Trustee of said Bankruptcy Estate, and has a mailing address in care of Spence, Custer, Saylor, Wolfe & Rose, LLC, 1067 Menoher Boulevard, Johnstown, PA 15905.

3. The United States Trustee appointed Lisa M. Swope, Esquire as Interim Trustee pursuant to 11 U.S.C. Section 701 of the Code.

4. The said Lisa M. Swope, Esquire conducted the Section 341 meeting on July 22, 2022.

5. The said Lisa M. Swope, Esquire was appointed as Trustee (hereinafter "Trustee") of this re-opened Chapter 7 case on August 16, 2023 (ECF No. 60).

6. The Trustee serves as Chapter 7 Trustee pursuant to Section 702(d) of the Code.

7. Respondent/Debtor, Darin L. King, is an adult individual having a last known mailing address of 2403 Mt. Pleasant Road, Ruffs Dale, Pennsylvania 15679, with notice to counsel, Robert H. Slone, Esquire, Mahady & Mahady, 223 South Maple Avenue, Greensburg, Pennsylvania 15601.

8. Respondent, Sar M. King aka Sara M. Garsteck, is an adult individual with a last known mailing address of 2403 Mt. Pleasant Road, Ruffs Dale, Pennsylvania 15679, with notice to counsel, Robert H. Slone, Esquire, Mahady & Mahady, 223 South Maple Avenue, Greensburg, Pennsylvania 15601.

9. Respondent, Bradley C. Egyed ("Egyed"), is an adult individual with a last known mailing address of 1179 West Laurel Circle, Mt. Pleasant, Pennsylvania 15666.

10. Respondent, Massaro Law L.L.C., is acting as proposed special counsel to the Trustee related to a pre-petition "[a]utomobile accident of 1/28/2021" relating to injuries and damages sustained by the Debtor(s) (the "Claim") and has a business address in care of Joseph Massaro, Esquire, 152 E. Otterman Street, Pittsburgh, Pennsylvania 15601.

11. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 157 and 1334.

**I.    MOTION TO AUTHORIZE AND APPROVE SETTLEMENT
AND COMPROMISE OF DISPUTED CLAIMS OF DEBTOR**

12.    Paragraphs 1 through 11 are hereby incorporated by reference as if set forth fully herein.

13.    Based on the Trustee's examination of the Debtors' petition, schedules, Statement of Financial Affairs, and related documents, together with an examination of the Debtors at the Section 341 meeting of creditors, the Trustee determined and the Court finds that the aforementioned Claim was property of the bankruptcy estate.

14.    By Default Order of Court dated September 13, 2022 (ECF No. 33), this Court sustained the Trustee's *Objection to the Debtors' Claimed Exemptions* in the Claim holding that any and all interest of the Debtors in the Claim was property of the Bankruptcy Estate.

15.    The Order of Court sustaining the Trustee's Objection to Exemptions was without prejudice to the Debtors amending their asserted exemptions one the Claim was liquidated.

16.    On January 09, 2023 (ECF No. 49), this Court granted the Trustee's *Motion to Close Estate and Retain Interest in Claim and/or Cause of Action* reserving for the Estate any and all interest in the Claim.

17.    The Debtors were issued a discharge in the above case on February 02, 2023.

18.    The case was administratively closed on February 17, 2023.

19.    Subsequent to the closing of the case, the Trustee was advised that the Claim has been resolved and a settlement reached subject to Bankruptcy Court approval.

20.    On July 27, 2023 (ECF No. 55), the Office of the United States Trustee filed a motion to reopen the Chapter 7 case with this Court entering a Default Order on August 16, 2023 (ECF No. 59).

21.    Upon the reopening of the case, the said Lisa M. Swope, Esquire was reappointed as Chapter 7 trustee.

22. As indicated above, among the assets of the Bankruptcy Estate was the Claim which resulted from personal injuries sustained in an automobile accident.

23. The Court finds that the Claim arose pre-petition and that it along with any proceeds derived thereunder were property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541.

24. The Debtors commenced suit against Egyed on or about October 17, 2022, by filing a Complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania at Number 3715 of 2022 (the "Complaint").

25. In the Complaint, Darin asserted a personal injury claim and Sara asserted a loss of consortium claim against Egyed as a result of an automobile accident.

26. As of the filing of the instant motion, a review of the Claims Register filed in this case reveals that approximately $71,852.32 in claims have been filed[1]. The Claims Bar Date set by this Court is December 14, 2022.

27. Pending before this Court is the Trustee's *Application to Retain Special Counsel for the Bankruptcy Estate* wherein the Trustee seeks the retention of Massaro Law L.L.C. as Special Counsel to the Estate to pursue the Claim on behalf of the Bankruptcy Estate.

28. Proposed Special Counsel has advised the Trustee that a settlement offer has been made by the Egyed and/or insurance carriers, in the gross amount of $350,000.00, less Special Counsel's fees in the amount of $129,500.00 (37% of the gross settlement proceeds reduced from 40% by proposed Special Counsel); less costs advanced by Massaro Law L.L.C. of $3,204.99, leaving a net payment of $217,295.01 to the Bankruptcy Estate. Proposed Special Counsel advises that there are no medical liens against the settlement proceeds.

29. Proposed Special Counsel shall withhold and pay directly the attorney's fees and other related settlement costs as outlined above. Proposed Special Counsel will then disburse the net

---

[1] Claim Number 2 was withdrawn on August 24, 2023.

proceeds in the amount of $217,295.01 to the Trustee which shall be held by the Trustee pending further Order of Court.

30. The Trustee has conducted a review of the proposed settlement and has determined and the Court agrees that, given the facts of the case and the recommendation of Proposed Special Counsel, who has experience in these matters, the Estate's best interest will be served by the Estate accepting the offer to settle the Claim for the proposed gross amount of $350,000.00, and being authorized to execute such releases as may be necessary and required to effectuate the settlement.

31. The Court finds that a substantially better result could not be obtained by continued litigation of the matter at issue and dispute as proposed Special Counsel indicated that a substantial amount of time and effort was expended by his office to achieve the proposed settlement.

32. The Trustee has not promised nor been promised any consideration for agreement to the proposed settlement except as herein specifically set forth.

33. Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part that "[o]n motion and after notice and hearing, the court may approve a compromise or settlement."  See Fed. R. Bankr. P. 9019(a).

34. In approving a proposed compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise or settlement is "fair and equitable," based on an:

> Educated estimate of the complexity, expense and likely duration of litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed comprise[]

*Protective Comm. v. Anderson*, 390 U.S. 414, 424 (1968).

35. Guided by *Protective Comm.*, the Third Circuit established four criteria that a bankruptcy court should consider when ruling on a motion to approve settlement: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the

expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of creditors. *Morane v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); see also *Cameron & Mittleman v. Gibbons (In re RFE Indus. Inc.)*, 283 F.3d 159 (3d Cir. 2002).

36. When reviewing settlements, the Bankruptcy Court is not required to decide the numerous questions of law and fact raised by the parties. See *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983); *Neshaminy Office Bldg. Assoc.*, 62 B.R. 798 (E.D. PA 1986). Instead, the Bankruptcy Court will canvass the issues and see if the settlement falls below the lowest point in the range of reasonableness. *Id*.

37. The Trustee submits and the Court finds that the approval of the within settlement meets the criteria established by *Protective Comm.* and *Morane*.

38. No party to the proposed settlement has promised, nor have they been promised, any consideration for the settlement described above, except as set forth herein.

39. The Court finds that the above-described settlement is fair and reasonable.

40. The Trustee is hereby authorized to execute any and all release documentation, if any, required by defendants, and any releases shall be valid and enforceable according to their terms and binding upon the Trustee, the Debtor and the bankruptcy estate.

41. Accordingly, the Court hereby approves and authorizes the above-described settlement.

42. As provided for in the Trustee's Application to Employ Special Counsel noted above, Massaro Law L.L.C. agreed to pursue the Claim on a contingent fee of thirty-three and a third percent (33.33%) of the gross recovery before deduction of any expenses as set forth in the original fee agreement with the Debtors, in the event the case was successfully concluded **prior** to the filing of a complaint and forty percent (40%) of the gross recovery if the matter was resolved **after** the filing of a Writ of Summons or a Civil Complaint. As the Claim was resolved **after** the filing of the Complaint, Proposed Special Counsel is entitled to a forty percent (40%) contingent fee however, agreed to reduce

his fee to thirty-seven percent (37%) of the gross recovery which, in this case, totals $129,500.00, in addition to case specific litigation expenses of $3,204.99 advanced by Proposed Special Counsel, subject to prior approval of payment of the same by this Court. Proposed Special Counsel advises that there are no medical liens being asserted against the proceeds.

43. The Court finds that said fees are fair and reasonable, especially in light of the agreed reduction by Proposed Special Counsel, and were earned by counsel in this case, and as such, approvals the payment of the fees of Proposed Special Counsel, Massaro Law L.L.C., in the amount of $129,500.00, in addition to case specific litigation expenses of $3,204.99 advanced by Proposed Special Counsel, leaving a net payment of $217,295.01 to the Bankruptcy Estate. Massaro Law L.L.C. shall deduct said amounts from the settlement proceeds paid by the responsible party/parties with the net proceeds of $217,295.01 to be paid to "Lisa M. Swope, Trustee of the Bankruptcy Estate of Darin L. King and Sara M. King".

**BY THE COURT:**

*[signature]* jah

**Carlota M. Böhm, Judge**
**United States Bankruptcy Court**

FILED
10/3/23 11:00 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Case Administrator to serve:
Kevin Petak, Esq.

United States Bankruptcy Court

Western District of Pennsylvania

In re:  Case No. 22-21169-CMB
Darin L. King  Chapter 7
Sara M. King
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: auto      Page 1 of 2
Date Rcvd: Oct 03, 2023      Form ID: pdf900      Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol      Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 05, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Darin L. King, Sara M. King, 2403 Mt Pleasant Rd, Ruffs Dale, PA 15679-1130 |
| sp | + | Joseph Massaro, Massaro Law, L.L.C., 152 E Otterman Street, Greensburg, PA 15601-2534 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 05, 2023      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 3, 2023 at the address(es) listed below:

**Name      Email Address**

Denise Carlon
     on behalf of Creditor PENNYMAC LOAN SERVICES LLC dcarlon@kmllawgroup.com

Gary W. Darr
     on behalf of Creditor First Commonwealth Bank gdarr@lenderlaw.com

Jodi Hause
     on behalf of U.S. Trustee Office of the United States Trustee jodi.hause@usdoj.gov David.A.Berry@usdoj.GOV;Steven.W.Albright@usdoj.GOV

Kevin J. Petak
     on behalf of Trustee Lisa M. Swope Chapter 7 Trustee kpetak@spencecuster.com, skosis@spencecuster.com;petak.kevinb119375@notify.bestcase.com

District/off: 0315-2 | User: auto | Page 2 of 2
Date Rcvd: Oct 03, 2023 | Form ID: pdf900 | Total Noticed: 2

Lisa M. Swope, Chapter 7 Trustee
on behalf of Trustee Lisa M. Swope Chapter 7 Trustee lms@nsslawfirm.com, PA73@ecfcbis.com,kpetak@spencecuster.com,skosis@spencecuster.com

Lisa M. Swope, Chapter 7 Trustee
lms@nsslawfirm.com PA73@ecfcbis.com,kpetak@spencecuster.com,skosis@spencecuster.com

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Robert H. Slone
on behalf of Joint Debtor Sara M. King robertslone223@gmail.com Slone.RobertB123224@notify.bestcase.com

Robert H. Slone
on behalf of Debtor Darin L. King robertslone223@gmail.com Slone.RobertB123224@notify.bestcase.com

TOTAL: 9