IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 22-21169-CMB |
| Darin L. King | : | |
| Sara M. King | : | Chapter 7 |
| aka Sara M. Garsteck, | : | |
| | : | |
| Debtors | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Lisa M. Swope, Trustee of the | : | |
| Bankruptcy Estate of Darin L. King | : | Doc. No. |
| and Sara M. King, | : | Related to Doc. No. 78 |
| | : | |
| Movant | : | |
| | : | Hearing Date & Time: |
| v. | : | November 14, 2023 at 1:30 p.m. |
| | : | |
| Darin L. King and Sara M. King, | : | |
| | : | |
| Respondents | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CONSENT ORDER**

Upon consideration of the *Objection of the Chapter 7 Trustee to the Debtors' Claimed Amended Exemptions*, Responses filed, hearing held and, upon consent of the parties as evidenced by the signatures of counsel below, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Debtor Wife's asserted exemption in the "Automobile accident of 1/28/2021" and/or the proceeds derived thereunder pursuant to 11 U.S.C. § 522(d)(11)(D) is denied.

2. Any and all interests of the Debtors in the "Automobile accident of 1/28/2021" and/or the proceeds derived thereunder in excess of the asserted and allowed exemptions pursuant to 11 U.S.C. § 522(d)(5) and the Debtor Husband's asserted and allowed exemption pursuant to 11 U.S.C. § 522(d)(11)(D) shall be deemed exempt pursuant to 11 U.S.C. § 522(d)(11)(E) **except** for the sum of $40,000.00 which shall be deemed to be property of the Bankruptcy Estate and held by the Trustee free and clear of any right, title, or interest of the Debtors.  In the event that Claim Number 5 of the U.S. Department of Education c/o NELNET is withdrawn prior to the submission of the Trustee's Final Report

("TFR") to the Office of the United States Trustee as evidenced by the virtual docket entry evidencing submission of the same, the amount shall be reduced to $30,000.00.

      3. Upon the within Order becoming a final, non-appealable Order of Court, the Chapter 7 Trustee may remit the Debtors' claimed and allowed exemption amount(s) in care of counsel for the Debtors.

      4. The Trustee shall retain the non-exempt portion of the settlement proceeds, to wit, the sum of $40,000.00, pending further Order of Court.

      5. FURTHER ORDERED that the continued hearing scheduled for November 14, 2023, at 1:30 p.m. is hereby CANCELLED.

**CONSENTED TO AND AGREED TO THIS 26th DAY OF OCTOBER, 2023, BY:**

| SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC | MAHADY & MAHADY |
|---|---|
| By: /s/ Kevin J. Petak, | By: /s/ Robert H. Slone, |
| Kevin J. Petak, Esquire | Robert H. Slone, Esquire |
| PA ID No. 92174 | PA ID No. 19963 |
| 1067 Menoher Boulevard | 223 South Maple Avenue |
| Johnstown, Pennsylvania 15905 | Greensburg, Pennsylvania 15601 |
| Tel: 814.536.0735 | Tel: 724.834.2990 |
| Fax: 814.539.1423 | Email: robertslone223@gmail.com |
| Email: kpetak@spencecuster.com | *Counsel to Debtors* |
| *Counsel to Chapter 7 Trustee* | |

**AND APPROVED THIS _____ DAY OF OCTOBER, 2023:**

                                                  **BY THE COURT:**

                                          **Carlota M. Böhm, Judge,**
                                          **United States Bankruptcy Court**